

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-7072
Re: Mileage and per diem to
be allowed to certain of-
ficers and employees under
the terms of the Judiciary
Appropriation Bill, Acts
1945, p. 951, Ch. 379.

Your request for opinion on the captioned subject reads
as follows:

"The rider to the appropriation bill for
the Judiciary for the present biennium, being
House Bill No. 215, Acts of the Regular Ses-
sion of the 49th Legislature, carries the fol-
lowing language:

"'Traveling expenses paid to all officers
and employees under the terms of this bill shall
be the same amount and paid under the same condi-
tions as provided for in the General Departmental
Bill.'

"Does this language limit the amount that
can be drawn against the appropriations made in
H. B. 215, above mentioned, in payment of travel-
ing expenses to Justices of the Courts of Civil
Appeals, District Judges and Attorneys, and Mem-
bers of the Advisory Judicial Council, mentioned
in said bill? And are such officials required to
obtain receipts for refund of expenditures as
provided for in the General Departmental Appropri-
ation Bill? The General Departmental Appropriation

Bill limits the amount that can be paid to
officials and employees to $4.00 per day,
and requires such officials to obtain re-
ceipts. And are such officials, as mentioned
in H. B. No. 215, limited to the mileage as
set out in (11)f of Section 2 of the General
Departmental Appropriation Bill?"

The following are the Legislative enactments generally
pertinent:

(1)  Article 6823, as amended Acts 1931, 42nd Leg., p.
372, ch. 218, Sec. 1, regarding traveling expenses reads as fol-
lows:

"The traveling and other necessary ex-
penses incurred by the various officers, as-
sistants, deputies, clerks and other employees
in the various departments, institutions,
boards, commissions or other subdivisions of
the State Government, in the active discharge
of their duties shall be such as are specifically
fixed and appropriated by the Legislature in
the general appropriation bills providing for
the expenses of the State Government from year
to year. When appropriations for traveling ex-
penses are made any allowances or payments to
officials or employees for the use of privately
owned automobiles shall be on a basis of actual
mileage traveled for each trip or all trips
covered by the expense accounts submitted for
payment or allowance from such appropriations,
and such payment or allowance shall be made at
a rate not to exceed five (5¢) cents for each
mile actually traveled, and no additional ex-
pense incident to the operation of such automo-
bile shall be allowed."

(2)  The second paragraph of Section 5 of the Judiciary
Appropriation Bill, being Chapter 379 of the Acts 1945, 49th Leg.,
p. 959, reads as follows:

"Traveling expenses paid to all officers
and employees under the terms of this bill shall
be the same amount and paid under the same con-
ditions as provided for in the General Department
Bill."

(3) Section 2 (11)f of the General Departmental Appropriation Bill (Acts 1945, 49th Leg., Ch. 378, p. 943-4) provides as follows:

"Unless otherwise specifically provided by the statutes, it is provided that any officer or employee who travels on official state business and who uses his own car while so doing shall be reimbursed for the use of said car on the basis of the total mileage traveled during any calendar month at the following rate: Five cents (5¢) a mile for the first thousand miles traveled, four cents (4¢) a mile for the second thousand miles traveled, and three cents (3¢) a mile for the third thousand miles traveled, and two cents (2¢) a mile for each mile traveled in excess of three thousand miles. Before the Comptroller shall issue any warrant for reimbursement, the said officer or employee shall file an affidavit with the Comptroller showing the point of origin and the point of destination of each trip and the mileage actually traveled. This provision shall also apply to intra-city mileage. If the Comptroller is of the opinion that said officer or employee did not take the shortest practical route, he shall have the authority and it shall be his duty to compute the mileage of the shortest practical route, between the point of origin and destination of each trip via intermediate points visited, and he shall issue his warrant in reimbursement therefor on the basis of the above rate. No moneys herein appropriated shall ever be spent to pay the traveling expenses of any State employee to any type of convention within the State or without the State except upon advance written approval of the Attorney General as being for State's business."

(4) Section 2 (11)g of said General Departmental Appropriation Bill provides as follows:

"All employees traveling at the expense of the State are hereby limited to the amount of Four ($4.00) Dollars per day expenses for meals and lodging; it being specifically provided that the employees shall obtain receipt for all amounts expended for all items of lodging and other expense except meals, and shall

file said receipts with their expense ac-
counts, which expense accounts must be duly
itemized and sworn to; and the State Comp-
troller is hereby expressly prohibited from
paying any expense accounts which are not
itemized and sworn to and accompanied by
receipts as herein provided."

(5)  Section 2 (12)f of the General Departmental Appropri-
ation Bill provides:

"It is expressly provided that the
provisions of Subsection 11g of this Act
with reference to limitation of amount of
traveling expense shall not apply to the
Governor, the Lieutenant-Governor, and the
member of Commissions who receive no salary
or per diem, when traveling in or out of
the State.  Nor shall said provision apply
to the Adjutant General and his representa-
tives when appearing in Washington, D. C.,
before the War Department, the Attorney Gener-
al and his assistants when appearing be-
fore the Supreme Court of the United States
and Federal Agencies in Washington, D. C.,
nor the members of the Railroad Commission
when appearing before the Interstate Com-
merce Commission or other Federal Com-
missions in Washington, D. C., nor the mem-
bers of the State Highway Commission and the
Executive Officer when attending hearings
or consulting Government agencies in Washing-
ton, D. C."

We pass now to a consideration of your specific questions
as applied to the officers inquired about.

A.  JUSTICES OF THE COURTS OF CIVIL APPEALS.

Article 1738, R.C.S. 1925, grants authority to the Supreme
Court of Texas to equalize the amount of business upon the dockets
of the several Courts of Civil Appeals, and requires that the Jus-
tices of the Court to which such cases are transferred shall hear
oral argument on such cases at the place from which the cases have
been originally transferred.  This Article then provides:

"The actual and necessary traveling and
living expenses of the Justices of said Courts

in hearing oral argument at the place from
which such cases are transferred shall be
borne by the State, and for payment thereof
the Legislature shall make appropriation."

The quoted provision was put in the statute in 1927 when
the Legislature first required the Justices of the Courts of Civil
Appeals to travel to the places from which the cases were originally
transferred.   Then in 1931 the Legislature enacted the amendment to
Article 6823 which placed a limitation on the appropriation which
could be made for reimbursement to employees or officials for the use
of privately owned automobiles for necessary travel on State's business.
This limitation was known to the Legislature, under the well-established
rules of law, when it again amended Article 1738 in 1933 and in
1941.  Since no effort was made to take traveling expenses of the
Justices in private automobiles out of the limitation expressed in
Article 6823, it must be held that they are bound by such limitation.
State v. Praetorians, (Supreme Court) 186 SW 2d 973.

The matter of traveling and living expenses other than for
the use of privately owned automobiles is governed by another rule.
There was no general limitation in existence in this regard at the
time of the enactment and re-enactment of the "necessary and actual"
expense provision, and this provision of Article 1738 must prevail.
Townsend v. Terrell, 118 Tex. 463, 16 SW 2d 1063; 39 Tex. Jur. 150,
Sec. 82.  Furthermore, it is settled law in this State that a statute
general in nature cannot be amended by a "rider" in the appropriation
bill.  Moore v. Sheppard, 192 S.W. 2d 559.

It follows that it is the opinion of this department that
the Justices of the Courts of Civil Appeals are entitled to reim-
bursement for actual expenses not to exceed five cents per mile for
each mile actually and necessarily traveled by privately owned auto-
mobiles in the discharge of their official duties; and for other
actual and necessary travel and living expenses without limitation.
They are not limited to $4.00 per day for meals and lodging under the
provisions of Section 2(11)g of the General Departmental Appropriation
Bill.

There is no provision in Article 1738 regulating the form
or method of application for reimbursement by the Justices of the
Courts of Civil Appeals.  It cannot be doubted that the Legislature,
in appropriating money for such reimbursement, can make reasonable
regulations with reference thereto, as long as they do not conflict
with a specific statute.

Section 2 (11)g of the General Departmental Appropriation Bill requires certain receipts to be obtained by "all employees traveling at the expense of the State". Certainly the Justices are not employees, but are officers. However, Section 2 (12)f indicates that the Legislature in using the term "employees" intended to include officers and employees, for in that section it exempts from the provisions of "Subsection 11g of this Act with reference to the limitation of amount of traveling expense." the Governor, the Lieutenant-Governor, the Adjutant General, the Attorney General, and certain others, both officers and employees. They are not, however, exempt from obtaining the receipts.

Therefore, it is our opinion that the Justices shall be required to obtain the receipts specified in the "rider" to the General Departmental Appropriation Bill.

## B. DISTRICT JUDGES AND ATTORNEYS.

Article 6820, regarding the expenses of district judges and district attorneys when engaged in the discharge of their official duties, provides:

"All district judges and district attorneys when engaged in the discharge of their official duties in any county in this State other than the county of their residence, shall be allowed their actual and necessary expenses while actually engaged in the discharge of such duties, not to exceed four dollars per day for hotel bills, and not to exceed four cents a mile when traveling by railroad, and not to exceed twenty cents a mile when traveling by privately conveyance, in going to and returning from the place where such duties are discharged, traveling by the nearest practical route. Such officers shall also receive the actual and necessary postage, telegraph and telephone expenses incurred by them in the actual discharge of their duties. Such expenses shall be paid by the State upon the sworn and itemized account of each district judge or attorney entitled thereto, showing such expenses. In districts containing more than one county, such expenses shall never exceed in any one year $100.00 for each county in the district; provided that no district judge or attorney shall receive more than $600.00 in any one year under the provisions of this article. The account for said services shall be recorded in the official minutes of the district court of the county in which such judge or attorney resides, respectively."

This statute was enacted in 1923 (Acts 1923, p. 50).

Article 6823, as has been stated, was amended in 1931 to restrict the allowances for traveling expenses for the use of privately owned automobiles to an amount not in excess of five cents a mile. This latter statute was construed by Conference Opinion No. 2934, dated November 14, 1933, (Biennial Report of the Attorney General, 1932-1934, p. 332) to apply to and limit the reimbursement to district judges and district attorneys not to exceed five cents per mile for each mile actually and necessarily traveled by private conveyance in the discharge of their official duties outside of the counties of their residence.

It will be seen that Article 6820 allows the district judges and district attorneys "actual and necessary expenses . . . not to exceed four dollars per day for hotel bills." This is specific legislation, and, for the reasons stated in the preceding section of this opinion, takes precedence over the provisions of the "rider" to the General Departmental Appropriation Bill. Also, Article 6820 provides that "Such expenses shall be paid by the State upon the sworn and itemized account of each district judge or attorney entitled thereto, showing such expenses." This provision will take precedence over the Appropriation Bill "rider" provision requiring receipts for certain items of expense.

It is the opinion of this department that district judges and district attorneys are entitled to reimbursement as follows: (1) not to exceed five cents per mile for each mile actually and necessarily traveled by private conveyance in the discharge of their official duties outside of the counties of their residence; (2) not to exceed four dollars a day for hotel bills; subject to the statutory limitation that in districts containing more than one county, the total of the enumerated expenses shall never exceed in any one year $100.00 for each county in the district, and that no district judge or attorney shall receive more than $600.00 in any one year under the provisions of said article. It is the further opinion of this department that such district judges and attorneys shall not be required to produce the receipts referred to in the "rider" to the General Departmental Appropriation Bill.

C. ADVISORY JUDICIAL COUNCIL.

Regarding the expenses allowable to members of the Advisory Judicial Council, Article 2328a, enacted in 1929 (Acts 1929, 41st Leg., 1st C. S., p. 51, ch. 19), Section 7, provides:

"No member of the Council shall receive any compensation for his services as such member, but shall be paid his actual traveling and other necessary expenses incurred in the discharge of his duties as such member to be paid upon verified, itemized account approved by the President of such Council."

Also, Section 2 (12)f of the General Appropriation Bill specifically provides:

"It is expressly provided that the provisions of Subsection 11g of this Act with reference to limitation of amount of traveling expense shall not apply to . . . the members of Commissions who receive no salary or per diem, when traveling in or out of the State. ..."

This Council is, in contemplation of law, a Commission and comes within the express exception quoted. It is the opinion of this department that the members of the Advisory Judicial Council are entitled to reimbursement for (1) not to exceed five cents per mile for each mile actually traveled by private conveyance in the discharge of their duties as such member: (Art. 6823 controls); (2) other necessary expenses so incurred, without limitation. It is our further opinion that such members are not required to produce the receipts referred to in the "rider" to the General Departmental Appropriation Bill, since Article 2328a specifically provides that such expenses shall be paid "upon verified, itemized account approved by the President of such Council".

Trusting that the foregoing sufficiently answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Arthur L. Moller
Arthur L. Moller
Assistant

By David Wunten
David Wunten
Assistant

APPROVED MAY 21, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

ALM:lh